UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EBONY PERRY** | : | **CASE NO. 2:22-CV-02618** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WESTON PROPERTY & CASUALTY INSURANCE CO, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

We raise this matter *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) to determine whether the court has subject matter jurisdiction over the instant case. Plaintiff Ebony Perry filed her First Supplemental and Amending Complaint, which added the Louisiana Insurance Guaranty Association ("LIGA") as an additional defendant in this matter. Doc. 7. For reasons set forth below, we find that this court lacks the requisite subject matter jurisdiction, and we recommend that this matter **be DISMISSED WITHOUT PREJUDICE**.

This Report and Recommendation serves as notice to plaintiff of the court's *sua sponte* suggestion this case be dismissed. Plaintiff has fourteen (14) days from receipt of this Report and Recommendation to submit a written opposition explaining why the district court should not adopt our recommendation and dismiss the case for lack of subject matter jurisdiction or may take any other action it deems necessary to avoid the effect of the recommendation.

### I.
#### BACKGROUND

Plaintiff's original complaint alleged that Hurricane Laura and Hurricane Delta damaged her insured property on August 27, 2020, and October 9, 2020, respectively. Doc. 1, p. 3, ¶ 14; *Id.* at p. 6, ¶ 40. Weston Property & Casualty Insurance Company, f/k/a Anchor Specialty Insurance

Company, the sole defendant in the original complaint, was allegedly a citizen of Texas (state of incorporation) and Florida (principal place of business). Doc. 1, p. 1, ¶ 2. Plaintiff claimed to be a resident and citizen of Louisiana. *Id.* at ¶1; doc. 1, att. 1, III. Plaintiff amended the complaint as a matter of course under F.R.C.P. Rule 15(a) to add LIGA as an additional defendant. Doc. 7, p. 2, ¶ 1.

## II.
### ANALYSIS

Federal courts "have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) (citing Fed. R. Civ. P. 12(h)(3); *Baker Oil Tools, Inc. v. Delta S.S. Lines, Inc.*, 562 F.2d 938, 940 n.2 (5th Cir. 1977); *Oswalt v. Scripto, Inc.*, 616 F.2d 191 (5th Cir. 1980)). The court therefore has "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). The statutory basis for diversity jurisdiction, 28 U.S.C. § 1332, "requires 'complete diversity' of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992); 28 U.S.C. § 1332.

Plaintiff is a Louisiana citizen [doc. 1, att. 1, III], as is LIGA. *See Landry v. Circle K Stores, Inc.*, No. CV 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) ("All parties agree that LIGA is a Louisiana citizen."). A plaintiff's joinder of a non-diverse party destroys diversity jurisdiction, even when complete diversity existed at the time the suit was filed. *B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 13115363, at *2 (W.D. La. Dec. 20, 2019), *aff'd*, 25 F.4th 369 (5th Cir. 2022). Thus, the addition of LIGA as a defendant

destroyed the court's diversity jurisdiction under 28 U.S.C. § 1332. Without complete diversity, this matter must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of August, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE